IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TAFIKO SALU**, | Case No. 3:21-cv-1387-AR |
| Plaintiff, | **ORDER ADOPTING F&R** |
| v. | |
| **MULTNOMAH COUNTY**, | |
| Defendant. | |

Justin R. Steffen, Steffen Legal Services, LLC, 2100 SE Lake Rd., #5, Milwaukie, OR 97222. Attorney for Plaintiff.

Ashley Bannon Moore & Christopher A. Gilmore, Multnomah County Attorney's Office 501 SE Hawthorne Blvd, Suite 500, Portland, OR 97214. Attorneys for Defendant.

**IMMERGUT, District Judge.**

On August 3, 2021, Plaintiff Tafiko Salu filed a complaint in Multnomah County Circuit Court asserting these claims against his employer, Multnomah County ("Defendant"): (1) gender discrimination under O.R.S. 659A.030; (2) racial discrimination under 42 U.S.C. § 2000e(2); (3) retaliation under O.R.S. 659A.030(1)(f); and (4) gender discrimination under O.R.S. 659A.030. Notice of Removal, ECF 1, Ex. 1 at 8–10. On September 20, 2021, Defendant timely removed this case to federal court. Notice of Removal, ECF 1 at 1–3.

PAGE 1 – ORDER

The parties then engaged in discovery for two years, which included taking twelve depositions. Defendant's Response in Opposition to Plaintiff's Motion to Amend ("Def.'s Resp."), ECF 32 at 1–2. Following three extensions, the discovery deadline closed on March 31, 2023. ECF 10; ECF 16; ECF 24. Based on deposition testimony and events in November and December 2022, on May 22, 2023, Plaintiff moved for leave to amend his complaint under Federal Rule of Civil Procedure 15(a)(2) to assert four new retaliation claims against Defendant. Plaintiff's Motion to Amend ("Pl.'s Mot."), ECF 30. Each of these new claims involves retaliation under O.R.S. 659A.030(1)(f). Pl.'s Mot., ECF 30, Ex. 1 ¶¶ 30–41.

The parties agree that, if amendment is granted, discovery will need to be reopened to evaluate those new claims. *See id.* at 3 ("Plaintiffs will not object to extending that time for any additional discovery . . . ."); Def.'s Resp. at 2, ECF 32 (stating that "amendment would likely require Plaintiff to conduct a second round of depositions"). Further, before Plaintiff moved for leave to amend, the dispositive motions deadline was originally scheduled for July 31, 2023. ECF 29.

On July 6, 2023, Magistrate Judge Jeff Armistead issued his findings and recommendation, ECF 36, recommending that Plaintiff's Motion for Leave to Amend the Complaint, ECF 30, be denied. Findings and Recommendation, ECF 36. On July 18, 2023, Judge Armistead issued a corrected findings and recommendation to address a typographical error in the prior version. Corrected Findings and Recommendation ("Corrected F&R"), ECF 39. Plaintiff objected to the Corrected F&R, to which Defendant responded. Objections to Findings & Recommendation ("Pl.'s Objections"), ECF 44; Response to Objections to Findings & Recommendation ("Def.'s Response"), ECF 45.

PAGE 2 – ORDER

This Court has reviewed de novo the portion of the Corrected F&R to which Plaintiff objected. For the reasons below, this Court ADOPTS Judge Armistead's Corrected F&R.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court need not review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not the subject of an objection. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*," whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

District courts may deny leave where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile for lack of merit. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted). Although delay is not dispositive, it is relevant, especially when no reason is given for the delay. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996).

In his objections to Judge Armistead's Corrected F&R, Pl.'s Objections, ECF 44, Plaintiff argues that he has not caused any undue delay, nor will Defendant be prejudiced if this Court grants Plaintiff leave to amend. *Id.* at 2–4. On the other hand, Defendant argues that Judge

PAGE 3 – ORDER

Armistead's findings of undue delay and prejudice are justified by this case's procedural history. Def.'s Resp., ECF 45 at 2–5. This Court agrees with Judge Armistead and Defendant.

**A. Undue Delay**

First, Plaintiff argues that there is no undue delay, stating that after learning about the new facts in December 2022 he informed Defendant of his new claims on February 8, 2023 before moving for leave to amend the complaint on May 22, 2023. Pl.'s Objections, ECF 44 at 2. Even though Defendant did not respond to Plaintiff's February 8, 2023 email for six weeks, Plaintiff does not explain why he waited five months to move for leave to amend his complaint—two months after the discovery deadline closed. Pl.'s Objections, ECF 44.

Plaintiff also argues that Judge Armistead's reliance on *Miller v. United Parcel Service, Inc.* is misplaced because in that case the facts supporting the amended complaint were known when the plaintiff filed the original complaint, nearly two years before moving for leave to amend. *Id.* at 2–3. In *Miller*, the court said that the "long, unexplained, and unjustified delay preceding [plaintiff's] motion for leave to amend" was sufficient basis to deny leave to amend the complaint. *Miller v. United Parcel Serv., Inc.*, No. 3:14-CV-872-PK, 2016 WL 8710006, at *2 (D. Or. May 13, 2016). Although the delay here—five months—is not as long as in *Miller*, it still is a long, unexplained, and unjustified delay that favors denying leave to amend. *See also Manriquez v. City of Phoenix*, 654 F. App'x 350, 351 (9th Cir. 2016) (finding that plaintiff failed to exercise reasonable diligence by waiting to seek leave to amend the complaint for three months after learning relevant information). But as Judge Armistead correctly notes, undue delay by itself is not enough to warrant denying Plaintiff's motion. Corrected F&R, ECF 39 at 6 (citing *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999)).

PAGE 4 – ORDER

B.  **Unfair Prejudice**

Prejudice is the most important factor for determining whether to grant leave to amend. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice may be shown by a need to reopen discovery. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Plaintiff also argues that asserting new state-law claims will not prejudice Defendant because Plaintiff can file the same new claims in state court, which would require the same discovery burden as if Plaintiff is permitted to assert his new claims here. Pl.'s Objections, ECF 44 at 3–4. But Defendant does not concede that Plaintiff will succeed in bringing these other claims in state court. Def.'s Resp., ECF 45 at 4. Thus, this Court need not presume that Plaintiff would file these new causes of action in state court, nor that Plaintiff could do so. Instead, based on the factors discussed by the Ninth Circuit, Judge Armistead's reasoning establishes unfair prejudice because Plaintiff's proposed new claims would require reopening discovery and extending the dispositive motions deadline.

Plaintiff also claims that Judge Armistead's reliance on *Zivkovic* was misplaced because of factual differences between that case and here. Pl.'s Objections, ECF 43 at 3–4. In *Zivkovic*, the plaintiff moved for leave to amend the complaint several days before the discovery deadline and three months before the start of trial. *Zivkovic*, 302 F.3d at 1087. The Ninth Circuit affirmed the district court's denial of leave to amend the complaint, because the new causes of action would have required additional discovery, prejudicing the defendant and delaying the proceedings. *Id.*

Although no trial date has been scheduled here, it is unquestionable that Plaintiff's new causes of action would require additional discovery and delay the resolution of this case—which establishes prejudice. *See Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th

PAGE 5 – ORDER

Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." (citation omitted)).

Last, Plaintiff argues that Defendant's willingness to extend the dispositive motions deadline in ECF 41 shows that the County is not prejudiced by a delay to those deadlines. Pl.'s Objections, ECF 43 at 4. However, this argument is not persuasive given that the parties' dispositive motions would likely be impacted if Plaintiff were allowed to assert new causes of action.

Accordingly, this Court agrees with Judge Armistead's finding that granting Plaintiff's motion for leave to amend would result in undue delay and unfair prejudice to Defendant.

## CONCLUSION

This Court has reviewed de novo the portions of Judge Armistead's F&R to which Plaintiff objected. Judge Armistead's Corrected F&R, ECF 39, is adopted in full. This Court DENIES Plaintiff's Motion for Leave to File Amended Complaint.

**IT IS SO ORDERED**.

DATED this 26th day of September, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge